# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **T. K. CHAUDHURI AND SAGA, INC.** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:15-CV-2787** |
| | § | |
| **THE TRAVELER'S INSURANCE** | § | |
| **COMPANY** | § | |

**DEFENDANT'S NOTICE OF REMOVAL
EXHIBIT C: COPIES OF PLEADINGS ASSERTING
<u>CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS</u>**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Travelers Casualty Insurance Company of America (incorrectly sued herein as "The Traveler's Insurance Company"), the defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

4/27/2015 6:43:32 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5054196
By: Nelson Cuero
Filed: 4/27/2015 6:43:32 PM

CAUSE NO. _____

| | | |
|---|---|---|
| T. K. CHAUDHURI and SAGA, INC. | § § § | IN THE DISTRICT COURT |
| V. | § § § | |
| THE TRAVELER'S INSURANCE COMPANY | § § § § § | HARRIS COUNTY, TEXAS _____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, T. K. CHAUDHURI and SAGA, INC., Plaintiffs herein, complaining of THE TRAVELER'S INSURANCE COMPANY ("Defendant") herein, and asserts the following Original Petition.

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery in this case under a Level 2 Control Plan.

### PARTIES AND SERVICE OF PROCESS

2.  Plaintiff T.K. CHAUDHURI ("CHAUDHURI") is an individual citizen and resident of Houston, Harris County, Texas.

3.  Plaintiff SAGA INC. ("SAGA") is a Texas Corporation doing business in Harris County, Texas.

4.  Defendant THE TRAVELERS INSURANCE COMPANY ("TRAVELERS") is a Texas Insurance Company engaged in the business of insurance in the State of Texas; and may be served by serving its registered agent: Corporation Service Company, 1211 E 7th Street., Suite 620, Austin, Texas 78701-3218. Travelers is named and denominated as its common

---

name pursuant to Tex. R. Civ. P. 28.  Plaintiffs reserve the right to plead a specific or particular Traveler's company at a later date.

## JURISDICTION

5.      The Court has jurisdiction over TRAVELERS because Defendant is engaged in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

6.      Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  Tex. C. Prac & Rem. Code §15.032.

## FACTUAL BACKGROUND

7.   Plaintiff asserts claims for fraud, breach of contract, deceptive trade practices, and violations of sections 541 and 542 of the Texas Insurance Code and violations of Texas DTPA.

8.   Plaintiff owns a commercial policy, number IL-PACP-7914X550-ACJ-12 ('the Policy") which was issued by Defendant.  At all relevant times, Plaintiffs were the owners of the insured premises located at 1907 Southmore, Pasadena, TX 77502 ('the Property").

9.   Defendant and or its agent sold the Policy, insuring the Property to Plaintiffs.  Defendant represented to Plaintiffs that the policy included windstorm coverage for the building and the building's contents for damage to Plaintiff's commercial building and that said policy contained all appropriate coverage for said building.

10. On or about April 27, 2013 the Property sustained damage as a result of rain and storm, including damage to the exterior of the building as well as rain and water damage to the contents of the building.

11. In the aftermath of the storm, Plaintiffs submitted a claim to Defendant against the Policy for damage to the Property.  Defendant assigned claim #EUD 7875.

12. Plaintiffs asked Defendant to cover the cost of the damage to the exterior and the contents of the interior of the building.

13. Defendant ultimately has refused coverage to the contents of the insured building, specifically chairs, sofas, coffee tables, computer system, a Beckman Coulter Act 10 Hematology Analyzer, an Abaxis Piccolo Chemistry Analyzer, MRI Machine Control, and ceiling, carpet and floor damage, and loss of business use and income.

14. Because Defendant failed to cover the damages and losses to the contents of the building, Plaintiffs have suffered additional losses including loss of lease payments and loss of business income.

## CAUSES OF ACTION
### Breach of Contract

15. Plaintiff and Defendant entered into a contract of insurance for the protection of Plaintiffs' building located at 1907 Southmore, Pasadena, TX 77502.  The building sustained severe and covered loss due to a storm.  Defendant failed to perform its contractual duties to Plaintiffs under the Terms of the Policy.  Specifically, it refused to pay for the losses to the contents of the building, lease income and business interruption, although due demand was made for the proceeds to be

paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

16. As a direct result and proximate result of said breach of contract, Plaintiffs have sustained damages in excess of the jurisdictional limits of this court, including actual damages and attorney's fees.

## TEXAS INSURANCE CODE

17. Defendant is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows then, that the breach of statutory duties constitutes the foundation of an intentional breach of the insurance contract between Plaintiff and Defendant.

18. Defendant's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

19. Defendant's misrepresentations, unreasonable delay and continued denials constitute a breach of statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.  Thus, the breach of the statutory duties constitutes the foundation of a breach of insurance contract between Plaintiffs and Defendant.

20. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).  Defendant has failed to settle Plaintiffs' claim in a fair manner, although Defendant was aware of its liability to Plaintiffs under the Policy. Specifically, Defendant has failed to, in an honest manner, balance its own interests in maximizing

gains and limiting disbursements with the interest of Plaintiffs' by failing to timely pay Plaintiffs' the coverage due under the Policy.

21. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(2)(A).   Defendant failed to provide Plaintiffs a reasonable explanation for nonpayment and denial under the terms of the Policy for wind and storm damage.

22. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendant refused to provide coverage to Plaintiffs under the Policy due to Defendant's failure to conduct a reasonable investigation.

23. Specifically, Defendant, through its agents, servants, and representatives, performed an outcome oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the Property.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.  Defendant failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.  Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of a claim.  Specifically, Defendant has delayed full payment of Plaintiffs claim longer than allowed, and Plaintiff has not received full payment.

26. Defendants breaches as outlined above, proximately caused Plaintiff actual and reasonably foreseeable consequential damages in an amount not less than $1,000,000.00.

27. Pursuant to TCPRC § 38.001, *et seq*, Plaintiff is entitled to recovery of his reasonable attorney's fees incurred herein.

### NON COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

28.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).   All violations under this article are actionable by TEX. INS. CODE §541.151.

29. Defendant's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

30. Defendant's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, equitable settlement of a claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

31. Defendant's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

32. Defendant's unfair settlement practice of refusing to pay Plaintiffs claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NON COMPLIANCE WITH THE TEXAS INSURANCE CODE:

### THE PROMPT PAYMENT OF CLAIMS

33.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations under this article are actionable by TEX. INS. CODE §542.060.

34.  Defendant's delay in paying Plaintiffs claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

35.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

36. Defendant's failure to adequately and reasonably investigate and evaluated Plaintiff's claims, even though Defendant knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of good faith and fair dealing.

### DTPA VIOLATIONS

37. Defendant's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE 17.41-63.  Plaintiff is a consumer of goods and services who sought or acquired goods or services from Defendant and thereby qualifies as a consumer under TBCCA § 17.45(4). Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

38. Defendant is a corporate entity, Limited Liability Company and/or other entity, however organized, that can be sued under the Texas Deceptive Trade Practices Act ("DTPA"). TBCCA §17.45(3).

39. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

A. By its acts or omissions, failures, and conduct, Defendant has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Defendant's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Defendant represented to the Plaintiff that the Policy and Defendant's adjusting and investigative services had characteristics of benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  Defendant represented to Plaintiff that Defendant's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Defendant advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Defendant breached an express warranty that the damages caused by wind/storm would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Defendant's actions are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Defendant's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

40. Each of the above-described acts, omissions, and failures of Defendant is a producing cause of Plaintiff's damages.   All of Defendant's acts, omissions, and failures were committed "knowingly" and "intentionally" as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

41.  Defendant is liable to Plaintiff for common law fraud.

42.  Every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Defendant knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

43. Defendant made these statements intending that Plaintiffs would act upon them.  Plaintiffs then acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## KNOWLEDGE

44.  Defendant made each of the acts described above, together and singularly, "knowingly" as defined by the Texas Insurance Code, and each was a producing cause of Plaintiffs damages described herein.

## WAIVER AND ESTOPPEL

45. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

46. The damages causes to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs claim in violation of the laws set forth above.

47. Plaintiff currently estimates the actual damages to the Property under the Policy are $969,282.00.

48. Plaintiff would show that all of the aforementioned acts taken together or singularly, constitute the producing cause of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs damages, which include without limitation, the cost to properly repair or replace Plaintiff's Property and any investigative and engineering fees incurred.

49. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of their claim, consequential damages, together with attorney's fees.

50. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, loss of use, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

51. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, plus an eighteen percent (18%) per annum penalty on the claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

52. For breach of common law of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Defendant owed, exemplary damages, and damages for emotional distress.

53. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the state of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, the Plaintiffs seek the recovery of exemplary damages in the amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

54. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

55. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of an attorney subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DPTA, Plaintiffs are entitled to recover a sum for the reasonable and necessary

services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or Supreme Court of Texas.

56. As required by Rule 47(b) of the Texas Rules of Civil Procedure Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of not less than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees.  This statement from Plaintiffs' counsel is made only for the purpose of compliance with Tex. R. Civ. P 47, and the amount in controversy exceeds $1,000,000.00.   Plaintiffs hereby stipulate that they will not accept a judgment that exceeds the sum of $1,500,000.00, exclusive of interest and costs, as those terms are used in 28 U.S.C. §1332.(a) *Id.* Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## CONDITIONS PRECEDENT

57.  All conditions precedent to recovery have been satisfied.

## JURY DEMAND

58.  Plaintiffs hereby demands a trial by jury in this cause and pays the requisite jury fee.

## REQUEST FOR DISCLOSURES

59.  Pursuant to TRCP 194, Defendants are requested to disclose, within 50 days of service of this request, the information or materials described in TRCP 194.2 and produce documents as requested in TRCP 194.4 in the form and manner required by the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant, Travelers, be cited and served to appear, and that upon a trial on the merits, judgment be rendered in favor of Plaintiffs

against Defendants for actual, consequential and treble damages under Texas Insurance Code and Texas Deceptive Practices Act, and all punitive, additional, and exemplary damages as may be founds; In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE RIEBSCHLAGER LAW FIRM, PC**

_/s/ Gary M. Riebschlager_
Gary M. Riebschlager
Texas Bar No: 16902200
801 Congress, Suite 250
Houston, Texas  77002
T:      (713) 980-5300
F:      (713) 583-5915
E-mail:gary@riebschlagerlaw.com

ATTORNEY FOR PLAINTIFFS

9/21/2015 8:23:49 AM
Chris Daniel - District Clerk Harris County
Envelope No. 7005984
By: Tammy Tolman
Filed: 9/21/2015 8:23:49 AM

## CAUSE NO. 2015-24172

| | | |
|---|---|---|
| T. K. CHAUDHURI AND SAGA, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE TRAVELER'S INSURANCE | § | |
| COMPANY | § | 11TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Travelers Lloyds Insurance Company (incorrectly sued herein as "The Traveler's Insurance Company"), the defendant in the above entitled and numbered cause, and files this its original answer to the plaintiffs' original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiffs' petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Lloyds Insurance Company, moves and prays the Court that upon trial hereof, the plaintiffs recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which the defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS LLOYDS
INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 21st day of September, 2015, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins

**CAUSE NO. 2015-24172**

| | | |
|---|---|---|
| T. K. CHAUDHURI AND SAGA, INC. | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| THE TRAVELER'S INSURANCE | § | |
| COMPANY | § | 11TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Travelers Casualty Insurance Company of America (incorrectly sued herein as "The Traveler's Insurance Company"), the defendant in the above entitled and numbered cause, and files this its first amended original answer to the plaintiffs' original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiffs' petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, Travelers Casualty Insurance Company of America, moves and prays the Court that upon trial hereof, the plaintiffs recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which the defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
TRAVELERS CASUALTY
INSURANCE COMPANY
OF AMERICA

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the 24th day of September, 2015, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins